**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**AUG 29 2003**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

DALE WAYNE GROSS,

　　Plaintiff - Appellant,

v.

TINA MCGRAUGH; SHERRY
PEARCE; GUY EDMONDS,

　　Defendants - Appellees.

No. 03-1099
(D.C. No. 02-Z-1766)
(D. Colorado)

**ORDER AND JUDGMENT***

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.**

　　Plaintiff-Appellant Dale Wayne Gross, a state inmate appearing pro se,
appeals from the district court's dismissal of his civil rights action against
individuals employed by the Buena Vista Correctional Facility in Colorado. His
complaint alleged infliction of cruel and unusual punishment in violation of the

---

　　* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

　　** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Eighth Amendment. Mr. Gross was ordered to file an amended complaint complying with Fed. R. Civ. P. 8 and to show cause why the action should not be dismissed for failure to exhaust the Colorado Department of Corrections' ("DOC") three-step administrative grievance procedure. After Mr. Gross filed an amended complaint, the district court dismissed it for failure to exhaust. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

Mr. Gross alleges infliction of cruel and unusual punishment because he protested when Sergeant Tina McGraugh would not allow him to use the bathroom and the incident led to his being fired from his prison job which allegedly resulted in lost privileges, loss of a top-paying prison job, loss of a single-bunk cell, and increase in lockdown time. He also claims that Sergeant McGraugh's supervisors, Lieutenant Sherry Pearce and Captain Guy Edmonds, are protecting her with contrived and inane excuses.

"We review de novo the district court's finding of failure to exhaust administrative remedies." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions

under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies regardless of the relief sought and offered through the administrative procedures, Booth v. Churner, 532 U.S. 731, 741 (2001), and regardless of whether the suit involves general circumstances or particular episodes. Porter v. Nussle, 534 U.S. 516, 532 (2002).

To exhaust remedies under Colorado's prison grievance procedure, an inmate must first attempt to resolve the matter informally. DOC Administrative Regulation 850-4, Grievance Procedure at IV.C.1. Thereafter, the inmate must complete the three-step formal grievance procedure. Id. at IV.C.4. The response from the third and final step of the process certifies that the grievance procedure has been exhausted. Id. at IV.C.4.c.(7). The district court found that Mr. Gross had not exhausted available administrative remedies because he failed to comply with the grievance procedure and because he procedurally defaulted his claim due to untimeliness. R. Doc. 20 at 4; see also R. Doc. 10 (grievance forms).

Mr. Gross claims on appeal that: (1) his complaint was a classification issue that is not subject to the DOC grievance process, Aplt. Br. at 18; (2) he has in fact exhausted the three-step grievance process but it does not appear so because the DOC "bungled" his grievance by merging it with another prisoner's

grievance and by misplacing his step one and two grievances, id. at 2, 19; and, (3) the Defendants' treatment of him constitutes cruel and unusual punishment.

Given the Supreme Court's broad interpretation of "prison conditions" in Porter and its broadly-worded holding that the "exhaustion requirement applies to all inmate suits about prison life," 534 U.S. at 532, we have no doubt that the subjects of Mr. Gross's complaint related to "prison conditions" and were therefore grievable. Thus, contrary to his first claim, Mr. Gross was required to exhaust Colorado's prison grievance procedure. All that need be said of Mr. Gross's third claim is that the merits of his action are irrelevant unless we overturn the district court's judgment dismissing his complaint for failure to exhaust.

Regarding his second claim, having carefully reviewed Mr. Gross's arguments on appeal, the district court's order, and the entire record, we conclude for substantially the reasons given by the district court that Mr. Gross has indeed failed to exhaust administrative remedies. In addition to the sound reasons cited by the district court, the record reflects that Mr. Gross failed to file a proper step two grievance. R. Doc. 10. The record contains no evidence that a proper step two grievance was ever filed, thus Mr. Gross's allegations that the DOC bungled the process are meritless.

For the foregoing reasons, we AFFIRM the district court's order and

judgment of dismissal. We remind Mr. Gross that he is obligated to make partial payments of the filing fee until the entire fee has been paid. Mr. Gross's motion to adjudicate ex parte is DENIED as moot.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge